**Adrian Diaz GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72931.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.[*]

Filed June 22, 2006.

Adrian Diaz Gonzalez, Bloomington, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Jennifer L. Lightbody, Esq., San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM **

Adrian Diaz Gonzalez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision affirming an immigration judge's denial of his application for cancellation of removal. Diaz contends that the Board and the IJ erred in concluding that his departure to Mexico in 1994 interrupted his continuous physical presence in the United States. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam). After the Board issued its decision, we held, however, that an alien's brief return to his native country for family reasons does not interrupt his continuous physical presence even if he is stopped and turned away at the border when he attempts to return.

Diaz testified that he went to Mexico for two weeks in April 1994. When he attempted to return to the United States, he was

caught at the border and was detained for about seven hours. He testified that he "signed a document for voluntary departed." When the immigration judge asked, "And you chose to voluntary depart instead of being deported?" Diaz answered, "Yes."

On this record, we cannot determine whether Diaz received administrative voluntary departure under threat of deportation. We therefore grant the petition and remand for further proceedings concerning the nature of his contact with immigration officials in 1994 and such further proceedings as may be appropriate. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.